UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Angel Lemus Lopez, | Case No. 2:26-cv-01298-CDS-EJY |
| Petitioner | **Order Granting the Petitioner's Motion to Extend Time, Granting the Petition for Writ of Habeas Corpus and Denying as Moot the Petitioner's Emergency Motion for Temporary Restraining Order** |
| v. | |
| Todd Blanche, et al., | |
| Respondents | [ECF Nos. 11, 15, 16] |

On June 8, 2026, petitioner Angel Roberto Lemus Lopez filed a first amended petition (FAP) asserting three grounds for relief. First am. pet., ECF No. 15.[1] That same day, Lemus Lopez filed an emergency motion for a temporary restraining order (TRO), asserting that the respondents removed Lemus Lopez to Mexico after his petition for writ of habeas corpus was filed, and after this court ordered that he not be transferred out of the district except for lawful removal. ECF No. 16 at 2. The court granted an expedited briefing in consideration of the petitioner's emergency motion. Order, ECF No. 17. The respondents filed a response to both the petition and the emergency motion. Resps., ECF Nos. 18, 19.[2] Counsel for Lemus Lopez filed a reply. Reply, ECF No. 21. For the following reasons, I grant Lemus Lopez's first amended petition.[3]

## I.      Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody

---

[1] Prior to filing the amended petition, counsel moved to extend time (ECF No. 11) to file an amended petition. I find that the petitioner's request is made in good faith and not solely for the purpose of delay, and that there is good cause to grant the motion. Accordingly, the motion is granted nunc pro tunc. The petition is now fully briefed.

[2] Respondent Mattos filed a separate response asserting that he and CoreCivic take no position on the petition for writ of habeas corpus. Mattos's resp., ECF No. 20.

[3] Because I grant the petitioner's first amended petition and the TRO motion seeks the same relief as the petition, I deny as moot the motion for a TRO.

upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

**II.     Background**

Angel Lemus Lopez is a Cuban citizen who first entered the United States in 1996. ECF No. 15 at 1. On May 8, 2000, an immigration judge (IJ) ordered Lemuz Lopez removed from the United States to Cuba. *Id.* at 5; Pet'r's Ex. 1, ECF No. 15-1 at 4. The designated country of removal in the order was Cuba. *Id.*

Cuba refused to accept Lemus Lopez, and because the government could not effectuate Lemus Lopez's removal, he was released on an Order of Supervision (OSUP) on March 9, 2001. ECF No. 15 at 6; ECF No. 15-1 at 4. Lemus Lopez remained in the United States for over twenty years. During that time, ICE re-issued OSUPs in 2001, 2007, and 2018. ECF No. 15 at 6; 2018 OSUP, Pet'r's Ex. 2, ECF No. 15-2.

On February 18, 2026, Lemus Lopez was arrested by Las Vegas Metropolitan Police Department for misdemeanor theft. ECF No. 15 at 6; Criminal compl., Pet'r's Ex. 3, ECF No. 15-3. On February 25, 2026, Lemus Lopez pled nolo contendere and was sentenced to credit for time served. *Id.* Lemus Lopez remained in CCDC custody until April 10, 2026, when ICE took him into immigration custody. ECF No. 15 at 6. At that time, ICE revoked Lemus Lopez's most recent OSUP and issued a Notice of Revocation of Release. *Id.*; Notice, Pet'r's Ex. 4, ECF No. 15-4 at 3. Therein, Lemus Lopez was noticed that he violated a condition of his release,[4] and he was also notified of a scheduled informal interview. *Id.* at 3–4.

---

[4] I note that the notice incorrectly notifies Lemus Lopez that he was arrested for burglary on February 18, 2026. ECF No. 15-4 at 3. The I-213 Form indicates that Lemus Lopez was convicted for the offense of petit larceny, a misdemeanor. Resp'ts' Ex. 1, ECF No. 18-1 at 5.

On April 10, 2026, there was an alleged informal interview conducted to provide Lemus Lopez the opportunity to respond to the reasons for revocation of his OSUP. *Id.* However, the interview form does not contain any written statement by Lemus Lopez. *Id.* On April 15, 2026, ICE provided Lemus Lopez with service of the Deportation Notice indicating its intention to remove Lemus Lopez to Mexico. ECF No. 15 at 7; Notice, Pet'r's Ex. 5, ECF No. 15-5 at 2; Deportation notice, Resp'ts' Ex. 1, ECF No. 18-1 at 21. The notice indicates that Lemus Lopez was served with this notice on April 15, 2026. *Id.*

The warrant of removal/deportation indicates that Lemus Lopez was removed at the land border near Arizona on May 11, 2026, but Lemus Lopez "Declined/Refused to Sign" the Warrant. Warrant, Pet'r's Ex. 6, ECF No. 15-6 at 3; Resp'ts' Ex. 1, ECF No. 18-1 at 23. Further, the warrant does not contain Lemus Lopez's signature. *Id.*

### III.   Discussion

Lemus Lopez brings this petition for writ of habeas corpus on the following grounds: (1) his detention that preceded his removal to Mexico violated *Zadvydas* and the Due Process Clause of the Fifth Amendment because removal to Cuba was not reasonably foreseeable; (2) the revocation of his OSUP independently violated 8 C.F.R. §§ 241.4(1) and 241.13(i) because it was not supported by a finding of changed circumstances, and it was followed by a substantively empty informal interview that did not afford the petitioner a meaningful opportunity to contest his re-detention; and (3) Lemus Lopez's removal to Mexico was unlawful. ECF No. 15 at 3.

> **A. The court has jurisdiction over the petition and the respondents violated the court's order by removing the petitioner to a third country.**

As a threshold matter, I first address Lemus Lopez's removal to a third country, Mexico. Counsel for Lemus Lopez argues that the petitioner's removal was unlawful because the respondents violated 8 U.S.C. § 1231(b)(2) by: (1) not working through the required statutory procedure and not providing any evidence that Mexico agreed to accept the petitioner; (2) failing to provide evidence that a fear screening was conducted, which violates due process; and

(3) his removal violated 8 U.S.C. § 1231(b)(3)(2) because the respondents conducted no inquiry into whether Lemus Lopez's life or freedom would be threatened in Mexico. ECF No. 15.

In opposition, the federal respondents argue that the petitioner was provided notice of the government's intent to remove him to Mexico on April 12, 2026, that the petitioner signed this notice, and that the petitioner did not claim fear of persecution if removed to Mexico. ECF No. 18. The federal respondents further argue that the court lacks jurisdiction to hear the petitioner's habeas petition under 8 U.S.C. § 1252(g) and (b)(9) because this matter involves "a decision to execute a removal order by the Attorney General." *Id.* at 5. Further, the respondents contend that there is no provision of the INA which allows for reopening an immigration case to be heard on a third-country removal. *Id.* at 7.

Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Ninth Circuit has instructed that § 1252(g) must be read "narrowly" and has interpreted that section as applying only to "actions challenging the Attorney General's discretionary decisions to imitate proceedings, adjudicate cases, and execute removal orders." *Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018). Thus, where DHS "totally lacks the discretion to effectuate a removal order, § 1252(g) is simply not implicated." *Id.* at 801; *see also Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) ("We have jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney General's discretionary authority . . . even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority.'") (quoting *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)).

Here, Lemus Lopez's counsel is not challenging the respondents' discretionary decision to adjudicate or effectuate his removal. Rather, counsel is arguing that Lemus Lopez was not provided procedural due process—that is, a meaningful opportunity to be heard prior to being removed to a third country. So, applying *Ibarra-Perez*, this court still has jurisdiction over Lemus Lopez's petition.

The federal respondents also argue that because habeas only relates to unlawful custody and the petitioner is not in custody, the habeas petition is essentially moot so any claim related to an alleged unlawful deportation would require a new complaint in a separate action. ECF No. 18 at 8. This argument is wholly misplaced for two reasons. First, the Ninth Circuit has held where the government unlawfully removes a petitioner to a foreign country, rendering him unable to challenge his removal in a manner prescribed by the INA, he remains "an alien held in custody pursuant to an order of deportation." *See Singh v. Waters*, 87 F.3d 346, 349–50 (9th Cir. 1996). Second, the petition is not moot. A case becomes moot only when developments during litigation make it impossible for the court to grant any effective relief. *See Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3rd Cir. 2013). That is not the situation here. Although Lemus Lopez is no longer physically detained in the United States, he seeks relief from the court to require the respondents to take available steps to facilitate his return. *See* ECF No. 15 at 30. Because this relief remains available, the petition is not moot.

This brings me to the last issue: is there an appropriate remedy available? I find that there is one. On April 28, 2026, I entered a service and appointment order, where I ordered the respondents to not transfer the petitioner out of this District, with the exception of effectuating the petitioner's *lawful* deportation. ECF No. 3 at 3. I also ordered the respondents to file a notice if petitioner was removed *within 5 days* of the removal. *Id.* On May 12, 2026, the petitioner's counsel filed an emergency motion seeking information on Lemus Lopez's whereabouts. ECF No. 6. That same day, I granted that motion and ordered the respondents to produce a list of documents to the petitioner's counsel by May 22, 2026. Order, ECF No. 9. On May 20, 2026, the

5

respondents filed an *untimely* notice of removal,[5] advising that Lemus Lopez was removed to Mexico on May 12, 2026. Notice, ECF No. 10.

Here, Lemus Lopez's deportation was unlawful. *D'costa v. Warden of the Immigr. Det. Facility*, 820 F. Supp. 3d 535 (S.D. Tex. 2026) (quoting *J.G.G. v. Trump*, 2025 U.S. App. LEXIS 30229 (D.C. Cir. Nov. 14, 2025) (explaining that judicial orders are not suggestions; they are binding commands that the Executive Branch, no less than any other party, must obey). The respondents violated the court's order by: (1) unlawfully removing the petitioner without providing adequate notice, and (2) and failing to provide sufficient evidence that Lemus Lopez received the opportunity to present fear-based arguments before an IJ before removing him to a third country. *See Gomez v. Mattos*, 817 F. Supp. 3d 1002 (D. Nev. 2025) (finding that the petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (a noncitizen must be given sufficient notice of a country of deportation). The respondents conclusively assert that the petitioner "had not produced any evidence that Petitioner had a fear of persecution if removed to Mexico." ECF No. 18 at 7. But that burden shifts the requirement to comply with due process onto the petitioner, when the responsibility lies with the respondents. *See Escobar v. Chestnut*, 2025 WL 3687639, *4 (E.D. Cal. Dec. 19, 2025) ("In the context of fear-based claims specifically, noncitizens have a Due Process right to have their fear-based claims for relief from removal to third countries heard by a neutral adjudicator **before the removal can be effectuated**.") (internal quotation marks omitted) (emphasis added); *see also Sizhen Chen v. Blanche*, 2026 U.S. Dist. LEXIS 73865, at *12–13 (W.D. Wash. Apr. 3, 2026) ("Where the Government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply both with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause.") (citing *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, 817 F.

---

[5] It was untimely pursuant to ECF No. 3.

Supp. 3d 1059 (W.D. Wash. 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings."). But the respondents failed to provide any evidence demonstrating Lemus Lopez was even afforded the opportunity to go before an IJ and present any fear-based claims regarding his removal to a third country **before his removal**. Consequently, the record shows the respondents unequivocally violated the court's order permitting only his *lawful* removal by depriving Lemus Lopez due process before removing him to Mexico, so his removal was unlawful.

Accordingly, I find that the proper remedy is to order facilitation of Lemus Lopez's return to the United States.[6] Facilitation of return is necessary to restore, as nearly as practicable, the position the petitioner would have occupied absent the respondents' unauthorized action. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 784 F. Supp. 3d 401, 406 (D. Mass. 2025); *see also Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1019 (2025) (Sotomayor, J., concurring) ("I agree with the Court's order that the proper remedy is to provide Abrego Garcia with all the process to which he would have been entitled had he not been unlawfully removed."). *Garcia* guides this relief because in that case, the petitioner's removal was illegal, and the court found his return necessary to "ensure that Garcia's case [wa]s handled as it would have been had he not been improperly sent to El Salvador." 145 S. Ct. at 1018. Accordingly, the respondents are ordered to facilitate Lemus Lopez's return to the United States within the next two weeks. Further, the respondents are ordered to comply with the requirements set forth below.

I also find additional relief is warranted. The respondents have unlawfully removed the petitioner to a third country, and the evidence before the court shows that Lemus Lopez was never provided with the opportunity to be heard before an IJ as to third country removal. So,

---

[6] The court recognizes that Lemus Lopez is also requesting his immediate release. The court is neither granting nor denying this request at this time because his return to the U.S. is a necessary step in his requested relied. So the court does not address this relief further at this time.

upon the petitioner's return, the respondents are ordered to give the petitioner a meaningful opportunity to be heard as to third country removal to Mexico before an IJ.[7]

IV.    Conclusion

IT IS HEREBY ORDERED that the petitioner's motion for extension of time **[ECF No. 11] is GRANTED nun pro tunc.**

IT IS FURTHER ORDERED that the amended petition for writ of habeas corpus **[ECF No. 15] is GRANTED.**

IT IS FURTHER ORDERED that the respondents must take all available steps to facilitate the return of Lemus Lopez to the U.S. District of Nevada within the next two weeks.

IT IS FURTHER ORDERED that the respondents must file a declaration or affidavit setting forth (1) affirmative steps taken to facilitate the petitioner's return to the United States; and (2) any setbacks during that process by July 13, 2026. Respondents must provide these affidavits or declarations every ten days until the petitioner is returned to the United States.

IT IS FURTHER ORDERED that the petitioner's emergency motion for a temporary restraining order **[ECF No. 16] is DENIED as moot.**

Dated: June 29, 2026

_____
Cristina D. Silva
United States District Judge

---

[7] I also grant the petitioner's second ground for relief. A procedural due process claim has two elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1225 (9th Cir. 2021) (citations omitted). Because there is a lack of evidence showing the petitioner received proper notice of the charge and whether a meaningful informal interview was conducted, the respondents are also ordered to provide Lemus Lopez with such interview in compliance with 8 C.F.R. § 241; *id.* at § 241.4(l)(1); *id.* at § 241.13(i)(3). That is, Lemus Lopez must be notified of the reasons for revocation of his release and given an informal interview promptly after his return to custody to respond to the reasons for revocation stated in the notification. There is no evidence showing he previously received either of these.